IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>MOUNTAIN EXPRESS OIL COMPANY, *et al.*,<br><br>Debtors.[1] | Chapter 7 (Converted)<br><br>Case No. 23-90147 (DRJ)<br><br>(Jointly Administered) |
| FOX FUELS RETAIL GROUP, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>MEX RE-SW-TX LLC,  MOUNTAIN EXPRESS OIL COMPANY, and BLUE OWL REAL ESTATE CAPITAL LLC (f/k/a OAK STREET REAL ESTATE CAPITAL, LLC),<br><br>    Defendants. | Adversary No. _____ |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR PRELIMINARY INJUNCTION AND DECLARATORY RELIEF PURSUANT TO 11 U.S.C. § 105 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 7065**

Fox Fuels Retail Group, LLC (hereinafter, "Fox Fuels") files this *Plaintiff's Original Complaint for Preliminary Injunction and Declaratory Relief Pursuant to 11 U.S.C. § 105 and Federal Rule of Bankruptcy Procedure 7065* (the "Complaint") against non-debtor MEX RE-SW-TX LLC, Debtor Mountain Express Oil Company, and Blue Owl Real Estate Capital LLC (f/k/a

---

[1] A complete list of each of the Debtors in these Chapter 7 cases may be obtained on the Court's website at www.ecf.txsb.uscourts.gov. The location of Debtor Mountain Express Oil Company's principal place of business and the Debtors' service address in these Chapter 11 cases is 3650 Mansell Road, Suite 250, Alpharetta, GA 30022.

Oak Street Real Estate Capital, LLC) (together, "Defendants"), and respectfully states as follows:

## I.  JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b), and this is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue for this adversary proceeding is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a) and (c).  This adversary proceeding is related to the above-styled bankruptcy cases that are pending in this district (hereinafter, the "Cases").

3. Pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure and Rule 7008-1 of the Bankruptcy Local Rules for the Southern District of Texas, Fox Fuels consents to the entry of final orders or judgment by the Court in connection with this adversary proceeding if it is determined that, absent consent of the parties, the Court cannot enter final orders or judgments consistent with Article III of the United States Constitution.

4. This adversary proceeding is commenced pursuant to Rules 7001 *et seq.* of the Federal Rules of Bankruptcy Procedure.

## II.  THE PARTIES

5. Plaintiff Fox Fuels is a Texas limited liability company.  Its principal place of business is 10110 Harry Hines Blvd., Dallas, Texas 75220.

6. Defendant MEX RE-SW-TX LLC ("MEX RE") is a Wyoming limited liability company and is a non-debtor entity.  MEX RE can be served through its registered agent Corporation Service Company, 1821 Logan Ave., Cheyenne, WY 82001.

7. Defendant Mountain Express Oil Company ("Mountain Express") is a Georgia corporation, a debtor in the above-styled bankruptcy, and the manager of MEX RE.  Mountain Express can be served through its registered agent Vcorp Agent Services Inc., 289 Culver Street,

Lawrenceville, GA 30046.

8. Defendant Blue Owl Real Estate Capital LLC (f/k/a Oak Street Real Estate Capital, LLC) (hereinafter, "Blue Owl Real Estate") is an Illinois limited liability company. Blue Owl can be served through its registered agent United Agent Group Inc., 350 S. Northwest Hwy., #300, Park Ridge, IL 60068.

### III. FACTUAL BACKGROUND

9. Fox Fuels operates eight gas stations and convenience stores in Texas. On or around April 12, 2023, Fox Fuels entered into a commercial lease (the "Lease") and fuel supply agreement (the "FSA") with non-debtor MEX RE. *See* **Exhibit A** (Lease), and **Exhibit B** (FSA).[2] The agreements cover eight locations (the "Locations"):

- #588    4243 W. Pioneer Drive, Irving, Texas 75061
- #589    3603 Marvin D Love FWY Dallas Texas 75224
- #781    110110 Harry Hines Blvd. Dallas Texas 75220
- #793    4290 South Beltline Road, Balch Springs, Texas 75181
- #794    180 Murdock Road, Dallas, Texas 75217
- #795    8620 Lake June Road, Dallas, Texas 75217
- #797    5001 South Buckner Blvd., Dallas, Texas 75217
- #799    2600 East Highway 30, Mesquite, Texas 75225

*See* Exhibit A.

10. The Lease term began on April 1, 2023, continues for six (6) months, and then automatically renews each month on a month-to-month basis unless either party gives written notice of non-renewal to the other no less than 90 days prior to the end of the initial term or the then existing extended term. *See* Lease, at 2. Thus, the initial term of the Lease ends on September 30, 2023, and automatically renews each month unless a party provides 90 days' notice of non-

---

[2] Pursuant to the FSA, MEX RE and Mountain Express were to provide Fox Fuels' entire fuel capacity requirements, major oil company branding, and merchant services, among other obligations.

renewal.  *See id.* No notice of non-renewal has been submitted.

11. Fox Fuels employs roughly 110 employees for the Locations. Each of the Locations is stocked with inventory owned by Fox Fuels, with an estimated value of $4.5 million.

12. On information and belief, the Locations are owned by Blue Owl Real Estate, who in turn had a lease with one or more debtor-entities (collectively, the "Primary Lease"). To be clear, Fox Fuels is a sub-tenant to the Locations at issue.

13. On March 18, 2023 (the "Petition Date"), Mountain Express and certain related entities (the "Debtors") filed voluntary petitions under chapter 11 of the Bankruptcy Code. MEX RE did not file bankruptcy.

14. Notably, the agreements were signed by the non-debtor's manager-entity: Mountain Express Oil Company, which is a debtor:



*Id.*

15. During the Bankruptcy Case, Fox Fuels remained current on its obligations under the Lease.  In fact, Fox Fuels is current on its rent and obligations under the Lease through and including September 2023.

16. Under the Lease, Fox Fuels is entitled to ten (10) days' notice of and opportunity

to cure any default.  *See* Lease, at 8. To date, Fox Fuels has not received any such notice and has not received any notice to vacate the Locations.

17.     On August 24, 2023 (the "Conversion Date"), the Cases were converted to Chapter 7. Pursuant to the *Order (I) Converting the Chapter 11 Cases, (II) Rejecting Leases, (III) Terminating Certain Agreements, and (IV) Granting Related Relief* [Doc. No. 1397, in the Main Bankruptcy Case] (the "Conversion Order"), the Primary Lease with the Debtors for the Locations was deemed rejected and terminated, the Lease was deemed rejected, and the FSA was deemed rejected and terminated.[3]

18.     The Court did *not* order that the Lease be deemed terminated as of the Conversion Date to preserve the rights of subtenant operators under Section 365(h) of the Bankruptcy Code.

19.     Even after the Conversion Date, Fox Fuels continues to operate the Locations, which remain stocked with its own inventory.   Eviction or locking out of Fox Fuels from the Locations, without sufficient notice, would irreparably harm Fox Fuels' ability to operate its business (including its ability to continue to employ the individuals that work at the Locations), business reputation, business relationships, and good-will. Moreover, the premature eviction of locking out to Fox Fuels will interfere with Fox Fuels' existing contracts and obligations, resulting in further and unnecessary damages.

## COUNT I – DECLARATORY JUDGMENT

20.     The factual allegations in paragraphs 8 through 20 are incorporated herein for all purposes as if expressly restated.

21.     Section 365(h)(1)(A) of the Bankruptcy Code provides in pertinent part:

---

3 *See* Conversion Order, at ¶ 2 ("All unexpired leases of non-residential real property of the Debtors' estates to which the Debtor is a lessee **are deemed rejected and terminated** as of the entry of this Order. All unexpired leases of non-residential real property of the Debtors' estates to which the Debtor is a lessor **are deemed rejected** as of the entry of this Order.") (emphasis added).

> If the trustee rejects an unexpired lease of real property under which the debtor is the lessor and …(ii) if the term of such lease has commenced, the lessee may retain its rights under such lease (including rights such as those relating to the amount and timing of payment of rent and other amounts payable by the lessee and any right of use, possession, quiet enjoyment, subletting, assignment, or hypothecation) that are in or appurtenant to the real property for the balance of the term of such lease and for any renewal or extension of such rights to the extent that such rights are enforceable under applicable nonbankruptcy law.

11 U.S.C. § 365(h)(1)(A)(ii).

22. As described above, the Lease was rejected, but not terminated, pursuant to the Conversion Order. The term of the Lease had commenced as of the Petition Date; therefore, Fox Fuels, as lessee, is entitled to retain its rights under the Lease, including the right of use and possession of the Locations, for the balance of the Lease's term and any renewals to the extent such rights are enforceable under applicable nonbankruptcy law. Specifically, under the Lease, Fox Fuels is entitled to remain in possession until 90 days after receiving notice of non-renewal, which has not been received or given to date.

23. Fox Fuels, therefore, seeks a declaration that: (i) the terms of the Lease continue in full force and effect for the duration of the Lease; and (ii) Fox Fuels may retain possession and use of the Locations until the end of the Lease term, *i.e.* until the expiration of 90 days after receiving the required notice of non-renewal.

24. Declaratory relief is necessary to determine the rights of Fox Fuels under the rejected Lease, to ensure that Fox Fuels' possession and use of the Locations remains undisturbed, to preserve Fox Fuels' business operations, reputation, relationships, good-will, and existing contracts. Additionally, declaratory relief is necessary to avoid the immediate termination of roughly 110 employees working at the Locations, and to protect Fox Fuels from the wrongful seizure of its inventory valued at approximately $4.5 million.

## COUNT II – PRELIMINARY INJUNCTION

25. All of the preceding paragraphs are incorporated herein for all purposes as if expressly restated.

26. Until the Court makes a final determination of Fox Fuels' rights under 11 U.S.C. § 365(h), a preliminary injunction is necessary to preserve the status quo and prevent further and unnecessary harm to Fox Fuels.

27. Section 105(a) of the Bankruptcy Code provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a).

28. While Section 105 is interpreted liberally, the statute's powers must be exercised in a manner that is consistent with the Bankruptcy Code. *See In re Zale Corp.*, 62 F.3d 746, 760 (5th Cir. 1995). A temporary injunction of third-party actions may be proper under unusual circumstances. *Id.* at 761. A bankruptcy court has broader authority under Section 105 of the Bankruptcy Code to grant a stay than it does under the automatic stay provisions of Section 362. *See In re Neuman*, 71 B.R. 567, 571 (S.D.N.Y. 1987) ("The fact that the automatic stay may not apply does not mean that the Bankruptcy Court is without power to issue an injunction.").

29. "The four prerequisites to issuance of a preliminary injunction are: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) that the threatened injury to the movant outweighs the threatened harm an injunction may cause the party opposing the motion; and (4) that the granting of the injunction will not disserve the public interest." *SAS Overseas Consultants v. Benoit*, No. CIV.A. 99-1663, 2000

WL 140611, at 4 (E.D. La. Feb. 7, 2000) (citing *In re Zale Corp.,* 62 F.3d at 764).

30. The first element is satisfied because Fox Fuels has a substantial likelihood of success on the merits based on the plain reading of Section 365(h) and the Lease, which gives Fox Fuels the ability to retain possession of the Locations and its rights under the Lease under the current circumstances.

31. The second element is also satisfied because Fox Fuels will suffer irreparable harm if the Court does not grant a preliminary injunction. Without the preliminary injunction, Fox Fuels may be evicted or locked out of the Locations with very little notice. If that were to occur, Fox Fuels' business, reputation, relationships, good-will, and existing contracts would be jeopardized. Moreover, Fox Fuels' roughly 110 employees would need to be terminated with little or no notice, and Fox Fuels could potentially have $4.5 million in inventory improperly seized.

32. Additionally, the third element is satisfied because there is little or no harm to Defendants in imposing a preliminary injunction. Defendants' rights will be preserved, and Fox Fuels will continue to maintain the Locations while an orderly transition with adequate notice can take place for the benefit of all parties.

33. Finally, the fourth element is satisfied because the injunction will serve the public interest, which would benefit from the orderly transfer of possession of gas stations and convenience stores and the uninterrupted employment of Fox Fuels' employees.

34. Based on the forgoing, Fox Fuels asks that the Court enter a preliminary enjoining Defendants from evicting or locking out Fox Fuels from the Locations until the proper procedure for terminating the Lease is followed and Fox Fuels is given the time required by the Lease to vacate the Locations.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Fox Fuels Retail Group, LLC respectfully requests that this Court: (i) following notice and hearing, enter a preliminary injunction, enjoining Defendants from evicting or locking out Fox Fuels from the Locations, as long as Plaintiff continues to pay rent according to the Lease, until the expiration of 90 days after receiving the required notice of non-renewal set forth in the Lease; and (ii) enter a declaratory judgment that (a) the terms of the Lease remain enforceable and (b) Fox Fuels may retain possession of the Locations until the expiration of 90 days after receiving the required notice of non-renewal set forth in the Lease.

Dated: September 12, 2023

Respectfully submitted:

KEAN MILLER LLP

By: */s/ Lloyd A Lim*
Lloyd A. Lim
Texas State Bar No. 24056871
Lloyd.Lim@keanmiller.com
Rachel Thompson Kubanda
Texas State Bar No. 24093258
Rachel.Kubanda@keanmiller.com
Michelle V. Friery
Texas State Bar No. 24040934
Michelle.Friery@keanmiller.com
KEAN MILLER LLP
711 Louisiana Street, Suite 1800
Houston, Texas 77002
Telephone: (713) 844-3000
Telecopier: (713) 844-3030

***Attorneys for Fox Fuels Retail Group, LLC***